UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEWIS A. HARRIS, | ) |
| | ) |
| Plaintiff, | ) No. 3:10-cv-00245 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| WARREN COUNTY JAIL, | ) |
| and JACKIE METHENEY, | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Warren County Jail in McMinnville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: (1) the Warren County Jail; and (2) Jackie Metheney, the Sheriff of Warren County, in his official capacity. The plaintiff complains that he and the other inmates at Warren County Jail are deprived of contact with the outside world, use of a law library, safe housing, and a grievance procedure in violation of their rights under the United States Constitution. He further complains that the inmates do not receive fair and respectful treatment by the jail guards.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other*

1

*grounds by Jones v. Bock,* 549 U.S. 199 (2007).

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, the plaintiff's complaint alleges § 1983 claims against the Warren County Jail. "Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Prisons and jails are not "persons" within the meaning of § 1983. *See Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (D.C. Pa.1976); *Marsden v. Fed. BOP*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). Under the preceding case law, the plaintiff cannot satisfy the second part of the two-part test in *Parratt* because he has not alleged a deprivation of his rights caused by a person acting under color of state law. Consequently, the plaintiff's claims against the Warren County Jail fail to state a claim upon which relief can be granted.

Next, the plaintiff's complaint alleges § 1983 claims against Jackie Metheney, the Sheriff of Warren County, in his official capacity only. A sheriff sued in his official capacity is deemed to be a suit against the county. *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985)(citing *Brandon*

2

*v. Holt*, 469 U.S. 464 (1985)). That is because "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In this case, then, a suit against Sherriff Metheney in his official capacity is a suit against Warren County.

However, governmental entities cannot be held responsible for a constitutional deprivation, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell*, 436 U.S. 658, 691; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that Sheriff Metheney acted according to any policy or custom attributable to Warren County. In fact, the plaintiff does not allege in his complaint that any of the actions about which he complains are attributable to Sheriff Metheney. Consequently, Warren County has no liability under § 1983 in this matter, and the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

*Todd Campbell*

Todd J. Campbell
United States District Judge